IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CR-124-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEMECO LAMONT RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A). (DE 73). The motion was briefed fully, and in this posture, the issues raised are ripe for ruling.

## BACKGROUND

On December 21, 2011, defendant was indicted for possession with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count one); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two). On July 16, 2012, defendant pleaded guilty, without a written plea agreement, to counts one and two. On October 25, 2012, the court held defendant's sentencing hearing. Defendant's presentence investigation report ("PSR") concluded that the advisory guideline sentencing range was 33 to 41 months' imprisonment on count one and no less than 60 months' imprisonment on count two. The court upwardly departed from the guideline range because the it did not reflect the severity of defendant's criminal history. (See Sentencing Tr. (DE 39) 20:12 to 21:12). The court ultimately sentenced defendant to 151 months' imprisonment on count one and 60 months on count two, with the sentences to be served consecutively.

Defendant, proceeding pro se, filed a motion for compassionate release on September 2, 2020. On November 12, 2020, defendant, through counsel, filed a memorandum in support. Also in support, defendant relies upon his medical records and records from the Federal Bureau of Prisons ("FBOP"). In his motion, he raises concerns about his risk of contracting the communicable disease known as COVID-19 and alleges he suffers from asthma, congenital heart failure, coronary artery disease, hypertension, hyperlipidemia, ventricular arrythmia, and obesity. (Def.'s Mot. (DE 73) at 5; Def.'s Memo. (DE 76) at 4-5). He contends that these conditions place him at higher risk of developing complications from COVID-19. (Def.'s Mot. (DE 73) at 5; Def.'s Memo. (DE 76) at 4-5).

The government responded on November 27, 2020, and defendant replied on December 9, 2020.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act § 603, 132 Stat. at 5239.[1]

The court may reduce defendant's term of imprisonment if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[2] The Sentencing Commission promulgated U.S.S.G. § 1B1.13 as the policy statement applicable to compassionate release motions filed by the FBOP. Section 1B1.13 is substantially similar to § 3582(c)(1)(A), but adds that before granting compassionate release the court must determine "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See U.S.S.G. § 1B1.13(1)(B)(2).

Application note one to U.S.S.G. § 1B1.13 provides the Sentencing Commission's views on when extraordinary and compelling reasons justify compassionate release:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

---

[1] The government does not contest that defendant exhausted administrative remedies.

[2] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)     Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)     Family Circumstances.

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)     Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, app. n.1.

Because the current version of U.S.S.G. § 1B1.13 applies to motions filed by the FBOP and has not been updated since the First Step Act's amendments to § 3582(c)(1)(A), some district courts have determined that the foregoing policy statement is not a binding "applicable policy statement" when the defendant moves for compassionate release. See, e.g., United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). Assuming without deciding that the current policy statement is non-binding, the provision provides important guidance to district courts when evaluating compassionate release motions, particularly where the majority of the application note's definition of extraordinary and compelling reasons applies regardless of whether the FBOP or defendant files the motion. See id. The court, however, arguably has authority to grant compassionate release if it finds extraordinary and compelling circumstances justify reducing

4

defendant's sentence even if such circumstances are not specifically delineated in U.S.S.G. § 1B1.13. See id.

The government does not dispute that defendant has exhausted his administrative remedies. (See Gov. Resp. (DE 81) at 4). However, assuming without deciding that defendant's health conditions and risk of contracting COVID-19 satisfy the extraordinary and compelling test, defendant has not established that the 18 U.S.C. § 3553(a) factors support early release over five years before his scheduled release date.

Defendant has an extensive criminal history, including numerous convictions for drug trafficking. (Presentence Investigation Report ("PSR") (DE 27) ¶¶ 10-11, 13-18, 20). Defendant's criminal history also demonstrates violent conduct, including being a validated member of the United Blood Nation and threatening two witnesses by stating he was going to kill them for their role in defendant's brother being criminally charged. (Id. ¶ 19; PSR Addendum (DE 27) at 16). Also, defendant has previously violated probation by testing positive for an illegal substance, failing to pay monetary obligations, possessing controlled substances, and absconding supervision. (PSR (DE 27) ¶ 13-14).

Moreover, defendant's conduct during his arrest does not support his early release. When officer's approached defendant's address to execute a search warrant, defendant and another individual were smoking marijuana on the front porch of the residence. (Id. ¶ 4). Defendant attempted to flee, but an officer tackled him to the ground. (Id.). A struggle ensued, and defendant placed a plastic baggie in his mouth and refused to show officers his hands. (Id.). As a result, officers used a taser on defendant causing the baggie containing 3.8 grams of cocaine base (crack) to fall out of his mouth. (Id.).

Accordingly, the court finds the current sentence remains necessary to reflect the seriousness of the offense, protect the public, and deter defendant from further criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 73) is DENIED.

SO ORDERED, this the 13th day of April, 2021.

LOUISE W. FLANAGAN
United States District Judge